# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN V. MOONEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WYNDHAM WORLDWIDE ) <br> OPERATIONS, INC., ) <br> ) <br> Defendant. ) | Case No. 13 C 6592 <br><br> Judge Joan B. Gottschall |

## ORDER

Plaintiff Stephen V. Mooney brought a four-count complaint against Wyndham Worldwide Operations, Inc., asserting claims under Illinois law. Wyndham moved to dismiss the complaint, and Mooney moved for leave to file an amended complaint. For the reasons explained below, the motion for leave to file an amended complaint [13] is denied without prejudice. The motion to dismiss [8] is granted as to Count I, but denied as to Counts III and IV. Mooney may file an amended complaint by August 1, 2014. A status hearing is set for August 6, 2014.

## I. BACKGROUND

Mooney's claims stem from his belief that he is owed commissions that went unpaid after his termination from Wyndham on January 4, 2008. He alleges that he is owed commissions under Wyndham's 2007 Compensation Program. In his original complaint, Mooney sought relief under the Illinois Sales Representative Act (ISRA) (Count I), for breach of contract (Count II), for quantum meruit (Count III), and for unjust enrichment (Count IV). Mooney now requests leave to file an amended complaint, substituting his ISRA claim for a claim under the Illinois

Wage Payment and Collection Act (IWPCA) in Count I. He also withdraws his breach of contract claim. Wyndham argues that Mooney's motion should be denied on the grounds that an amendment substituting in the IWPCA claim would be futile, and asks the court to dismiss the quantum meruit and unjust enrichment claims as untimely and for failing to state a claim.

## II. LEGAL STANDARD

Leave to file an amended complaint is "given freely when justice so requires." Fed. R. Civ. P. 15(a). This lenient standard, however, "does not mean [leave] must always be given. District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of the motion to dismiss, the court takes all facts alleged by the claimant as true and draws all reasonable inferences from those facts in the claimant's favor, although conclusory allegations are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Moreover, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Jackson v. Marion Cnty.*, 66 F.3d 151, 153 (7th Cir. 1995).

# III. ANALYSIS

## A. Motion for Leave to File an Amended Complaint

Wyndham argues that Mooney's motion for leave to file an amended complaint should be denied because an amendment substituting in a claim under the IWPCA would be futile. According to Wyndham, the newly added claim would fail because Mooney has not alleged that Wyndham owes him compensation under a contract and because Mooney has not pled any facts showing that he fulfilled the alleged contract's terms. Mooney contends that he has properly stated a claim under the IWPCA because he need show only that there was mutual assent to an agreement between the parties, not that Wyndham owes him compensation under a contract.

The IWPCA allows for a cause of action based on wrongfully held compensation pursuant to a contract or agreement. *Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12 CV 5710, 2013 WL 5304100, at *8 (N.D. Ill. Sept. 19, 2013). Plaintiffs suing under the IWPCA must allege that final compensation is due to them under an employment "contract or agreement." *Landers-Scelfo v. Corporate Office Sys., Inc.*, 827 N.E.2d 1051, 1058 (Ill. App. Ct. 2005). Illinois courts have interpreted "agreement" to be broader than a contract and to require only a manifestation of mutual assent. *Brown*, 2013 WL 5304100, at *8 (quoting *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 452 (7th Cir. 2012)). Accordingly, plaintiffs do not need to plead all the elements of a contract if they can plead facts showing mutual assent to an agreement. *Id.*

Mooney alleges that he is owed commissions under Wyndham's 2007 Compensation Program. Wyndham argues that Mooney cannot show that it assented to the terms of that program because the program includes a disclaimer, which provides:

> No statement in the Program should be construed to grant any employee an employment contract of fixed duration or any other contractual rights, nor should this Program be interpreted as creating an implied or an expressed contract of

employment or any other contractual rights between [Wyndham] and its employees.

(Mot. to Dismiss Ex. A (Compensation Program) § 1, ECF No. 9-1.)

The majority view in this district is that such a written disclaimer dissolves a claim under the IWPCA. *See, e.g.*, *Brand v. Comcast Corp.*, No. 12 CV 1122, 2013 WL 1499008, at *5 (N.D. Ill. Apr. 11, 2013) (Kim, J.); *Camilotes v. Resurrection Health Care Corp.*, No. 10-cv-366, 2012 WL 2905528, at *6 (N.D. Ill. July 16, 2012) (St. Eve, J.); *Harris v. Seyfarth Shaw LLP*, No. 09 C 3795, 2010 WL 3701322, at *2 (N.D. Ill. Sept. 9, 2010) (Bucklo, J.); *Skelton v. Am. Intercont'l Univ. Online*, 382 F. Supp. 2d 1068, 1075 (N.D. Ill. 2005) (Kennelly, J.). *But see Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 662 (N.D. Ill. 2012) (Holderman, C.J.) (concluding that disclaimers do not dissolve mutual assent to the employment agreement). As the majority view has reasoned:

> [G]iven the presence of these disclaimers, the handbook's provisions are merely guidelines that leave [the company] with sole discretion to interpret and resolve conflicts about the handbook's meaning, regardless of whether its employees agree or are even consulted about the changes. Accordingly, the handbook does not provide the requisite manifestation of mutual assent to support even the broader interpretation of an agreement that governs in the IWPCA context.

*Brand v. Comcast Corp.*, No. 12 CV 1122, 2012 WL 5845639, at *3 (N.D. Ill. Nov. 19, 2012).

The court finds this reasoning persuasive. The disclaimer in this case reserves to Wyndham the right to "amend, change or cancel" the plan "[a]t any time" and "for any reason." (Compensation Program § 1.) The inclusion of such a disclaimer shows that Wyndham did not assent to the terms of the Compensation Program. Because the Compensation Program is the sole basis for any "agreement" between the parties identified in the proposed amended complaint, Mooney cannot state a claim under the IWPCA. Accordingly, his motion for leave to file an amended complaint is denied without prejudice. Mooney may amend his complaint if he can allege an agreement separate from the Compensation Program.

4

### B. Motion to Dismiss

#### 1. ISRA Claim (Count I)

Wyndham moves to dismiss Mooney's ISRA claim on the ground that Mooney qualifies as an employee under the IWPCA and is therefore precluded from recovering under the ISRA. In his motion for leave to file an amended complaint, Mooney concedes that Wyndham is correct. The motion to dismiss Count I is granted.

#### 2. Quantum Meruit (Count III) and Unjust Enrichment (Count IV) Claims

Wyndham moves to dismiss Mooney's quantum meruit and unjust enrichment claims as untimely and for failing to state a claim.

##### a. Whether the Claims Are Timely

Mooney's two additional claims for quantum meruit and unjust enrichment are subject to a five-year statute of limitations. *See* 735 Ill. Comp. Stat. 5/13-205. Mooney filed these claims on September 15, 2013.

A statute of limitations provides an affirmative defense. "Complaints need not anticipate and plead around defenses," but a plaintiff may plead herself out of court by pleading facts that show that a defense applies. *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012). "A statute of limitations defense . . . is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely . . . ." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (internal quotation marks omitted). The point when a statute of limitations begins to run is usually a question of fact. *Kedzierski v. Kedzierski*, 899 F.2d 681, 683 (7th Cir. 1990).

Illinois courts apply the "discovery" rule relating to the statute of limitations. Under the discovery rule, the statute of limitations begins to run when "a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Knox Coll. v. Celotex Corp.*, 430 N.E.2d 976, 980 (Ill. 1981). Here, the complaint alleges that Mooney sent a letter to Wyndham demanding payment of his commissions on July 5, 2008—more than five years before he brought his claims. Wyndham argues that Mooney should have known that his injury was wrongfully caused when he sent the letter. Mooney responds that he did not know his injury was wrongfully caused until October or November 2008, when Wyndham said that it would not pay him any commissions.

The court cannot determine from the face of the complaint whether Mooney should have known his injury was wrongfully caused on July 5, 2008, or October or November 2008. The complaint states only that "Mooney wrote Wyndham a letter demanding the payment of these commissions on July 5, 2008." (Compl. ¶ 17, ECF No. 1.) The letter is not part of the record, and there are no details about its content or Mooney's intent in writing it. Under the terms of the Compensation Program, the commissions were owed on July 4, 2008, so when Mooney wrote the letter, Wyndham was only one day late. The court cannot determine as a matter of law that, at that point, Mooney should have known Wyndham would ultimately refuse his request. If after discovery, Wyndham believes that the undisputed facts show Mooney's claims to be time-barred, it may renew its argument in a motion for summary judgment.

### b. Whether Mooney Has Stated Claims For Quantum Meruit And Unjust Enrichment

To state a claim for quantum meruit, Mooney must allege that (1) he performed a service to benefit Wyndham, (2) he performed the service nongratuitously, (3) Wyndham accepted the service, and (4) no contract for payment existed between the parties. *See Global Tech. &*

*Trading, Inc. v. Satyam Computer Servs. Ltd.*, No. 09 C 5111, 2009 WL 4788693, at *2 (N.D. Ill. Dec. 9, 2009) (citing *Owen Wagener & Co. v. U.S. Bank*, 697 N.E.2d 902, 908 (Ill. App. Ct. 1998)). To state a claim for unjust enrichment, Mooney must allege that (1) Wyndham has received a benefit (2) to the detriment of Mooney, and (3) it is against the fundamental principles of justice, equity, and good conscience for Wyndham to retain the benefit. *See Michael Reese Hosp. & Med. Ctr. v. Chi. HMO, Ltd.*, 554 N.E.2d 472, 474 (Ill. App. Ct. 1990).

Here, Mooney alleges that he performed services that benefited Wyndham by "secur[ing] deals" for Wyndham (Compl. ¶ 30), that he performed the services "nongratuitously" and "at [his] expense" (Compl. ¶¶ 31, 40), that Wyndham "accepted and received" his services (Compl. ¶ 32), that "no contract existed to prescribe payment for [his] services" (Compl. ¶ 34), and that allowing Wyndham to retain the benefits of Mooney's services "would be unjust" (Compl. ¶ 35). These allegations are sufficient to state claims for quantum meruit and unjust enrichment under Illinois law. *See, e.g.*, *De David v. Alaron Trading Corp.*, 796 F. Supp. 2d 915, 923-24 (N.D. Ill. 2010) (denying motion to dismiss unjust enrichment claim because plaintiffs alleged each of the requisite elements).

Wyndham argues that Mooney's allegations are deficient because he has not alleged that he was not compensated for his services. To support its argument, Wyndham relies on *Lapine v. Edward Marshall Boehm, Inc.*, No. 89 C 8420, 1990 WL 43572 (N.D. Ill. Mar. 28, 1990). In *Lapine*, the plaintiff was hired by the defendants to serve as their store manager but was fired her before the store ever opened. *Id.* at *1. The plaintiff had performed services for the defendants, including preparing the store for opening and hiring sales personnel. *Id.* She sued for unjust enrichment, arguing that she was entitled to "the value of [her] assistance" to her employers. *Id.* at *9. The court denied her claim, noting that she had been paid her salary under her

7

employment agreement and thus could not argue that "defendants received a benefit to which they were not entitled." *Id.* at *10.

Here, by contrast, Mooney is not seeking the "value of his assistance," but rather the precise amount of commissions that Wyndham's Compensation Program provided. The employment agreement in *Lapine* did not provide for such commissions or bonuses. While Wyndham's Compensation Program does not constitute a "contract or agreement" because of the disclaimer, Wyndham's failure to pay Mooney may still offend "fundamental principles of justice, equity, and good conscience." The fact that Mooney may have been paid part of his compensation does not establish that Wyndham was justified in denying Mooney all of the compensation that he allegedly expected to receive. Wyndham's motion to dismiss these claims is denied.

## IV. CONCLUSION

For the reasons stated above, Mooney' motion for leave to file an amended complaint [13] is denied without prejudice. Wyndham's motion to dismiss [8] is granted in part and denied in part. The motion is granted as to Count I, but denied as to Counts III and IV. Mooney may file an amended complaint by August 1, 2014. A status hearing is set for August 6, 2014.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: July 1, 2014